**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| | : | |
| PETER JAWORSKI, | : | Civil Action No. 05-4485 (AET) |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION and ORDER** |
| v. | : | |
| | : | |
| NEW JERSEY TURNPIKE | : | |
| AUTHORITY, | : | |
| | : | |
| Defendant. | : | |

This matter comes before the Court through a motion by Plaintiff, Peter Jaworski ("Plaintiff") for leave to Amend his Complaint to include a cause of action for retaliation in violation of 42 U.S.C. § 1983 [Docket Entry No. 15]. Plaintiff filed a Brief in Support of his Motion ("Moving Brief"). On December 19, 2006, Defendant New Jersey Turnpike Authority ("NJTA" or "Defendant") filed opposition to Plaintiff's Motion ("Opposition Brief")[Docket Entry No. 18]. Plaintiff filed a reply brief ("Reply Brief") on December 26, 2006 [Docket Entry No. 20]. The Court held oral argument on January 22, 2007 [Docket Entry No. 26]. After considering the submissions and arguments of the parties, and for good cause shown, Plaintiff's Motion for leave to Amend the Complaint is DENIED without PREJUDICE.

**I. Background**

NJTA is an independent state agency that assumes control for the operation and maintenance of the some toll roads in New Jersey including the New Jersey Turnpike and Garden State Parkway (Opposition Brief at 2). Plaintiff was hired in September 2002 by the New Jersey Highway Authority ("NJHA") which eventually merged with the NJTA. Plaintiff was appointed as a Radio Licensing Engineer and Communications Engineer "to improve the aged and outmoded [Garden

State] Parkway Communication Systems." (Id. at 3).  Plaintiff's role included providing input on

various contracts for New Jersey Highways (Moving Brief at 2).

      Beginning in November 2002, as part of his job, Plaintiff wrote the technical specifications

and evaluated bids for an award of Contract #58-783D (Complaint[1] at ¶ 32). Soon thereafter,

Plaintiff's co-workers became concerned that their technical evaluations would be ignored by new

officials of Defendant after the consolidation with NJHA and Defendant occurred (Id. at 33).  After

a vote, Contract #58-783D was to be awarded to Siemens (Id. at 34).

      Plaintiff alleges that following the merger of the NJHA and NJTA his "employment status

drastically changed by reason of discriminatory practices activated by the new NJTA Director,

Michael Lapolla, and various managers under him." (Complaint at ¶¶ 5, 9). Eventually, after the

merger, the award of Contract #58-783D was challenged by Executive Director, Tim McDonough

(Id. at 37).  Plaintiff alleges that it became clear that "there was a pre-selected contractor favored by

NJTA management, without a competitive bidding process." (Id.)  "Plaintiff was requested to offer

his input for the correct award of Contract #58-783D and to promulgate new improvements for

planned maintenance of the system." (Id. at 38)(emphasis added).  In response to the request to offer

input, Plaintiff wrote a detailed letter dated January 10, 2003,  to NJTA Chairman Jerold L. Zaro.

(See Id.).  In this letter, Plaintiff writes to support the award of the contract to Siemens, and an

increase on emphasis for in-house communications electronic maintenance.  (Corrected Cert. of

David A. Krenkel, Esq. at Ex. B (hereinafter "Zaro Letter")).  Plaintiff's letter also states that he

_____

1. Any citations to the Complaint refer to Plaintiff's Proposed Amended Complaint included as Ex.
A to the Certification of Plaintiff's Counsel in support of the Motion to Amend. (The Court may only
look to the proposed amended pleading when deciding a Motion to Amend. Pharm. Sales &
Consulting Corp. v. J.W.S. Delavau, Co., Inc., 106 F. Supp.2d 761, 765 (D.N.J. 2000))

authored the NJHA specifications, provided support throughout the technical evaluations and remains engaged in the supporting engineering process related to the contract. (Id.)  Plaintiff also states that his views are "consonant with those of NJHA Engineering Management" and "[a]s both an NJHA Engineering Principal and a lifelong New Jersey Tollpayer/Taxpayer, I feel very strongly in favor of this award, as a proper and cost effective solution" to the dilemma NJHA faced.  (Id.) The letter continues with statements that all of Plaintiff's colleagues agree with his position that the Siemens contract was the better choice, and that any rumors from outside NJHA regarding failure or incompatibility of Siemens' equipment were unsubstantiated.  (Id.)  The letter was signed "Peter S. Jaworski, Communications Systems Engineer, NJHA Engineering." (Id.)  Plaintiff further asserts that following the receipt of his letter, "Zaro totally supported [Plaintiff] and wrote to [Tim McDonough]... to verify support." (Complaint at ¶ 38).

Soon thereafter, Plaintiff learned that his superiors were "enraged" at him for writing the letter, and he was instructed to "become silent despite his job responsibilities." (Id. at 39). Eventually, Plaintiff resigned his position on April 20, 2004. (Opposition Brief at 2).

Plaintiff filed a Complaint against Defendant on September 14, 2005, alleging that he was wrongfully discharged, retaliated against and harassed at the Defendant entity.  (See Docket Entry No. 1).  Specifically, Plaintiff's Complaint included causes of action alleging a hostile work environment, retaliatory termination, age discrimination bias, violation of good faith and fair dealing, violation of the New Jersey Conscientious Employee Protection Act, and outrage.  (Moving Brief at 2).  Plaintiff now seeks to amend his Complaint to include a cause of action for retaliation in violation of 42 U.S.C. § 1983.  This includes claims that Defendant violated Plaintiff's right to hold

employment without infringement of his First Amendment rights to freedom of speech, assembly and association.

## II.  Analysis

### A.  Motion to Amend Standard

Leave to amend the pleadings is generally given freely.  Foman v. Davis, 371 U.S. 178, 182 (1962).  Notwithstanding this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith or futility.  See Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000); Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).  If there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted.  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).  In reviewing a motion to amend, the court looks only at the pleadings.  Pharm. Sales & Consulting Corp. v. J.W.S. Delavau, Co., Inc., 106 F. Supp.2d 761, 765 (D.N.J. 2000).

### B. Undue Delay and Prejudice

Defendant asserts that Plaintiff's Motion to Amend his Complaint must be denied because of undue delay in filing the motion and the prejudice to Defendant if the amendment were allowed.

The Third Circuit has held that a motion for leave to amend should be denied when the delay in amending the pleading is undue.  Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001).  A delay becomes undue when it places an unfair burden on the non-moving party or the court.  Id.  However, the mere passage of time does not require that the motion be denied.  Id. Moreover, delay alone is an insufficient ground to deny leave to amend.  Id.  When determining whether there is undue delay, the Court must focus on the moving party's reasons for not amending the pleading sooner.  USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir. 2004).

4

To establish prejudice the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004). "[P]rejudice to the non-moving party is the touchstone for the denial of an amendment." Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989)(citing Cornell & Co., Inc. v. Occupational Health and Safety Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). In addition, the non-moving party must demonstrate "that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." Id.

Although Plaintiff's Complaint was filed in September 2005, this Court extended the date for filing of amended pleadings on three occasions. See Docket Entry Nos. 8, 9 and 14. The most recent extension was granted, in part, based on Plaintiff having retained new counsel. The Court's September 14, 2006 Scheduling Order [Docket Entry No. 14] mandated that any motions to amend the pleadings be filed no later than December 8, 2006. On the last date of filing Plaintiff submitted the proposed amendment and motion. The Court also notes that to date only Plaintiff's deposition has been taken and it is to be continued.

Defendant has failed to show that any delay in filing the proposed amendment will place an unfair burden on it or the Court, and pursuant to the Court's Scheduling Orders, Plaintiff timely filed his Motion. See Cureton, 252 F.3d at 273. Thus, the Court finds that there is no undue delay or dilatoriness.

5

Defendant also fails to show that allowing the amendment at this point in the litigation would require significant additional resources to conduct discovery or would significantly delay the resolution of this matter.  See Long, 393 F.3d at 400.  In fact, the Court finds that discovery is ongoing as only part of Plaintiff's deposition has been taken and this matter is not on the eve of trial.  Therefore, the Court further finds that Defendant would not suffer prejudice were the amendment allowed.

## C. Futility

### 1. Standard of Review

The standard of review for futility requires the court to consider whether the complaint, as amended, would survive a motion to dismiss for failure to state claim. Alvin v. Suzuki, 227 F.3d at 121.  Simply stated, futility of amendment requires that the pleading as amended does not state a claim upon which relief can be granted.  In Re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997).  The court must make a determination of "whether the amendment is sufficiently well-grounded in fact or law to demonstrate that it is not a frivolous pursuit." Phillips v. Borough of Keyport, 179 F.R.D. 140, 144 (D.N.J. 1998).  However, the "court may properly deny leave to amend where the amendment would not withstand a motion to dismiss." Massarsky v. General Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983), cert. denied 464 U.S. 937 (1983).  To make this determination, the court should examine whether each claim would survive a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) should be granted where, accepting the well-pleaded allegations in the complaint, the plaintiff is not entitled to relief.  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Accordingly, the "complaint must set forth sufficient information to

suggest that there is some recognized legal theory upon which relief may be granted." Eli Lilly v. Roussel Corp., 23 F.Supp. 2d 460, 475 (D.N.J. 1998)(internal citation omitted).   Moreover, the court must view all allegations in the complaint in a light most favorable to the plaintiff.   Rocks v. City of Phila., 868 F.2d 644, 645 (3d Cir. 1989).   In other words, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party.   Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1280, 1384-85 (3d Cir. 1994).   Moreover, a case should not be dismissed for failure to state a claim unless it clearly appears that no relief can be granted under any set of facts that could be proved consistent with the plaintiff's allegations.   Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).

### 2. First Amendment Retaliation Claim

Defendant asserts that Plaintiff's pleading of a retaliation claim under 42 U.S.C. § 1983 should be denied as futile.   "To state a First Amendment retaliation claim, a Plaintiff must allege two things (1) that the activity in question is protected by the First Amendment and (2) that the protected activity was a substantial factor in the alleged retaliatory action."   Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006)(citations omitted).   The first factor is a question of law, and the second is a question of fact.   Curinga v. City of Clairton, 357 F.3d 305, 310 (3d Cir. 2004).

A public employee's statement is deemed "protected activity" when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have "an adequate justification for treating the employee differently from any other member of the general public as a result of the statement he made.   Hill, 455 F.3d at 241-2 (quoting Garcetti v. Ceballos, 547 U.S. ____, 126 S.Ct. 1951, 1958 (2006)).

Thus, the first issue is whether, based upon the allegations in the Proposed Amended Complaint, Plaintiff was acting within the scope of his employment or as a citizen in drafting the letter to Chairman Zaro.  A public employee does not speak "as a citizen" when he makes a statement "pursuant to [his] official duties" Garcetti, 126 S.Ct. at 1960.  The Supreme Court recently held, in Garcetti v. Ceballos: "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communication from employer discipline."   Id. Garcetti concerned a Los Angeles County district attorney's claim of retaliation based solely on an internal memorandum which he had written to his superiors.  Because the respondent in Garcetti admitted that the memorandum was written within the scope of his official duties, it was not necessary for the Court to engage in a detailed analysis of this issue. Although the Court did not articulate a framework for determining whether one is acting within the scope of employment when he or she makes a statement, it suggested that the inquiry must be a practical one.  Ultimately, the Court found that the controlling factor was that the expressions in the respondent's  memorandum were made pursuant to his duties as a calendar deputy.  Id.

Similarly, in Hill, the Third Circuit found that a public employee's speech was not protected.  See Hill, 455 F.3d 225.  Hill, a borough manager, filed a report with the Borough Council regarding the Borough Mayor.  Id.  Hill's First Amendment claim failed because he conceded that he reported the Mayor's conduct and harassing actions to the Borough Council "pursuant to his official duties." Id. at 242.  Applying Garcetti, the Third Circuit held that Hill was not speaking "as a citizen" when he filed his report, and, thus, as a matter of law the reports were not protected speech. See Id.

In the instant matter, because the Court is addressing a motion to amend, the "whole record" consists of the proposed amended complaint. Pharm. Sales & Consulting Corp. v. J.W.S. Delavau, Co., Inc., 106 F. Supp.2d at 765. When looking only to the pleadings, it is apparent that Plaintiff was acting within the scope of his employment an engineer at the NJTA when writing to Chairman Zaro. The Proposed Amended Complaint states that Plaintiff was "requested to offer his input" regarding the contract, and that he "wrote a very detailed letter" to Chairman Zaro regarding the bids. Complaint at ¶¶ 37-38. Although Plaintiff also states in his letter that he was strongly in favor of awarding the bid to Siemens as an engineer at the NJTA and as a "Tollpayer/Taxpayer," the tenor of Plaintiff's letter shows that he is clearly opining on subject matter which concerned his employment. Zaro Letter at 1. The Zaro letter was very detailed regarding all aspects of the bid, including Plaintiff's work as an employee of NJTA checking and testing the different systems. See generally Zaro Letter. It was authored and signed by the Plaintiff as "Communications Systems Engineer, NJHA Engineering". Zaro Letter at 2. Additionally, the letter expressed the views of co-workers within his office, in addition to his own. These cumulative factors support the conclusion that Plaintiff wrote this letter "offer[ing] his input" because he was asked or instructed to do so. See Garcetti, 126 S.Ct. at 1954 (the dispositive factor was not that the plaintiff expressed his views within the office, but rather that his "expressions were made pursuant to his official duties").

Therefore, the Court finds that based upon the proposed amended complaint, Plaintiff was not speaking as a citizen when he authored the letter to Chairman Zaro but was, rather, acting pursuant to his official duties. The Court further finds that in accordance with the Supreme Court's ruling in Garcetti, this activity is not protected by the First Amendment.

9

## III.  Conclusion and Order

Since Plaintiff's speech in his role as an employee precludes this proposed claim the Court will not address the additional factors.  Because Plaintiff's proposed cause of action for retaliation pursuant to 42 U.S.C. § 1983 would not survive a motion to dismiss for failure to state a claim upon which relief can be granted, for the aforementioned reasons, the Court finds that Plaintiff's Motion to Amend must be denied as futile.

THEREFORE, IT IS on this 29th day of January, 2007,

ORDERED that Plaintiff's Motion to Amend [Docket Entry No. 16] is DENIED WITHOUT PREJUDICE; and is further

ORDERED that the Clerk of the Court terminate this motion accordingly.

  s/   Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**