NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PETER S. JAWORSKI, | : |
| Plaintiff, | : |
| v. | : Civil No. 05-4485 (AET) |
|  | : **MEMORANDUM & ORDER** |
| NEW JERSEY TURNPIKE AUTHORITY, | : |
| Defendant. | : |

THOMPSON, U.S.D.J.

This matter comes before the Court on Defendant New Jersey Turnpike Authority's ("NJTA") Motion to Dismiss Plaintiff Peter Jaworski's Second, Fourth, and Sixth Causes of Action pursuant to Fed. R. Civ. P. 12(b)(6). The Court has decided this Motion after reviewing the submissions of the parties and without oral argument, pursuant to Fed. R. Civ. P. 78. For the following reasons, NJTA's Motion to Dismiss is denied in part and granted in part.

BACKGROUND

Plaintiff, a resident of Oceanport, New Jersey, was hired by the Garden State Parkway Chief Engineer in September, 2002, to "improve the aged and outmoded Parkway Communications Systems." (Compl. ¶ 2.) In 2003, the Garden Sate Parkway appointed Plaintiff as the Lead Communications Engineer, whose responsibilities included oversight of all contracted communication services to be performed by the highest bidder under Contract #58-758D ("the Contract"). (Compl. ¶¶ 3- 4.) Plaintiff wrote the technical specifications for the Contract in November, 2002, and in December he began evaluating bids for an award of the Contract.

(Compl. ¶ 32.)  A plain majority, including Plaintiff, favored awarding the Contract to the firm of Edwards & Kelcey ("E&K") who, Plaintiff alleges, "proposed the strongest and the most cost efficient system solution."  (Compl. ¶ 34.)

In July, 2003, the Garden State Parkway merged with NJTA, and all Garden State Parkway employees, including Plaintiff, became employees of NJTA.  (Compl. ¶¶ 5, 9-10.)  NJTA immediately challenged the award of the Contract to E&K, because NJTA allegedly favored a "pre-selected contractor . . . without a competitive bidding process."  (Compl. ¶ 37.)  Plaintiff, however, continued to support awarding the contract to E&K.  (Compl. ¶ 38.)  Plaintiff claims that, as a result, NJTA "instructed [Plaintiff] to become silent" and informed Plaintiff that "he had made enemies" and "heads were going to roll . . . for what he had done."  (Compl. ¶¶ 39-40.)

Moreover, Plaintiff alleges that he never received a new job description after the merger, despite being the only formally trained communications system and fiber optics engineer working for NJTA.  (Compl. ¶ 11.)  Plaintiff claims that NJTA demoted Plaintiff, forcing him to work under younger, less-qualified non-engineers who ostracized Plaintiff, verbally attacked and humiliated him, and eventually forced him to resign.  (Compl. ¶¶ 12, 52, 54, 95.)  In March, 2004, NJTA reassigned Plaintiff to an outpost location.  (Compl. ¶ 78.)  Although Plaintiff filed numerous formal complaints through March and April of 2004, NJTA did not conduct an investigation of those complaints and did not interview Plaintiff or his witnesses.  (Compl. ¶¶ 100-101.)  On April 20, 2004, Plaintiff submitted his resignation.  (Compl. ¶ 106.)  NJTA's employees then allegedly refused to negotiate Plaintiff's final pay, opposed Plaintiff's unemployment insurance application, and reported that NJTA had discharged him for misconduct.  (Compl. ¶¶ 107-108.)

Plaintiff subsequently brought this six-count action, asserting that the Court's federal question jurisdiction arises from the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621, et seq. ("ADEA"). The Court's discussion here is limited to the Second Cause of Action, retaliatory termination.[1]

## DISCUSSION

A.   Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the Court may grant a motion to dismiss for failure to state a claim upon which relief can be granted if, "accepting all well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the plaintiff, plaintiff is not entitled to relief." Oatway v. Am. Int'l Group, Inc., 325 F.3d 184, 187 (3d Cir. 2003). Further, "[t]he issue is not whether a plaintiff will ultimately prevail but whether he or she is entitled to offer evidence to support the claims." Id. In setting forth a valid claim, a plaintiff is required only to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

B.   Second Cause of Action—Retaliatory Termination

In bringing its Motion to Dismiss, NJTA incorrectly reads Plaintiff's "retaliatory termination" claim as a state law claim, and concludes that it must be waived by New Jersey's Conscientious Employee Protection Act ("CEPA") because it arises from the same allegations as

---

[1]   Defendant's Motion seeks dismissal of Plaintiff's Second, Fourth, and Sixth Causes of Action only. Because Plaintiff does not oppose the dismissal of the Fourth and Sixth Causes of Action, (see Pl.'s Opp'n at 1), the Court's discussion is limited to the Second Cause of Action.

his CEPA claim.  CEPA's waiver provision requires that a plaintiff must waive other contractual and state remedies and rights upon institution of a CEPA action, but does not require a plaintiff to waive federal causes of action.  N.J. Stat. Ann. § 34:19-8; see also Reilly v. City of Atl. City, 427 F. Supp. 2d 507 (D.N.J. 2006) (allowing the plaintiff's claims of First Amendment retaliation and CEPA violation to both proceed to trial).  Plaintiff clearly states that his Second Cause of Action, "retaliatory termination, is brought under federal law, the anti-retaliation provisions of the Age Discrimination in Employment Act [ADEA]."  (Pl.'s Opp'n at 2.)  Plaintiff is master of his own Complaint, and so his allegations for retaliatory termination under federal law (the ADEA) are not waived.  See Kline v. Sec. Guards, Inc., 386 F.3d 246, 252 (3d Cir. 2004) (stating that "the plaintiff [is] the master of the claim") (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987)).

     Defendant argues in the alternative that, even if Plaintiff's "retaliatory termination" claim is a federal claim, it should be rejected as baseless because Plaintiff's Complaint refers only once to the ADEA, does not mention the ADEA at all in the Second Cause of Action, and wrongly demands punitive damages, which are unavailable under the ADEA.  Pursuant to Fed. R. Civ. P. 8(a), however, a complaint need only provide a short and plain statement showing a right to relief, "not a detailed recitation of the proof that will in the end establish such a right."  Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 564 (3d Cir. 2002); see also Weston v. Pennsylvania, 251 F.3d 420, 429 (3d Cir. 2001) (stating that "[c]omplaints need not plead law or match facts to every element of a legal theory").  Further, the Supreme Court has held that the notice pleading standard of Rule 8(a) "provides that a complaint must include only a 'short and plain statement of the claim' [that] must simply 'give the defendant fair notice of what the plaintiff's claim is and the

grounds upon which it rests.'" Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Conley, 355 U.S. at 47) (emphasis added). Plaintiff has alleged federal question jurisdiction under 28 U.S.C. § 1331, and has cited the basis for jurisdiction as the ADEA. (Compl. ¶ 14.) The ADEA makes it unlawful "for an employer to discriminate against any of his employees" because such individual "has opposed any practice made unlawful under this section," including "discriminat[ion] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. §§ 623(a), (d). Plaintiff asserts in his Second Cause of Action that he was retaliated against for reporting Equal Employment Opportunity violations and discriminatory harassment on the part of NJTA. (Compl. ¶¶ 87, 92.) Thus, under the liberal notice pleading standard of Fed. R. Civ. P. 8(a), Plaintiff has stated a claim under the ADEA. Therefore, Defendant's Motion to Dismiss the Second Cause of Action is denied.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 9th day of March, 2007,

ORDERED that Defendant's Motion to Dismiss Plaintiff's Second Cause of Action [19] is DENIED; and it is further

ORDERED that Defendant's Motion to Dismiss Plaintiff's Fourth and Sixth Causes of Action [19] is GRANTED as unopposed.

                                             s/ Anne E. Thompson
                                             ANNE E. THOMPSON, U.S.D.J.